(15 App. Div. 133.)

## MILLER v. McKEON et al.

(Supreme Court, Appellate Division, Second Department.   March 19, 1897.)

MECHANICS' LIENS—BOND TO DISCHARGE LIEN—ACTION AGAINST SURETIES.

    A lien claimant is not required to obtain a judgment at law against the contractor before resorting to the sureties on an undertaking given under Laws 1882, c. 410, § 1836, as amended by Laws 1895, c. 605, providing that a lien may be discharged by an undertaking to pay on demand, to the claimant named in the notice of lien, "the amount of any judgment which may be recovered in an action" on the claim specified in the notice, but he may join the sureties in an equitable action to establish his lien and for its payment.

Appeal from special term, New York county.

Transferred from the First department.

Action by Clifford L. Miller against Matthew J. McKeon, Harry C. Hart, and others.   From an interlocutory judgment sustaining a demurrer by defendants McKeon and Hart to the complaint, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Jacob F. Miller, for appellant.

John R. Halsey, for respondents.

BRADLEY, J.   The action was brought to establish a lien of the plaintiff for the value of materials furnished by him to the defendant McLaughlin, who used them in the performance of a contract he had with the city of New York to construct a sewer. The facts alleged are to the effect that the contract had been so far performed by McLaughlin that he had been entitled to payment from the city of a sum in excess of that due the plaintiff, who, pursuant to statute, duly filed with the comptroller of the city a notice which gave him a lien to the extent of his claim upon that fund; that afterwards McLaughlin, with the defendants McKeon and Hart as his sureties, made and filed an undertaking pursuant to the statute for the discharge of the lien; and that Murdock was made a party defendant because he had, or claimed to have, a lien upon such fund subsequent to that of the plaintiff.   The ground of the demurrer interposed by the defendants McKeon and Hart is that the complaint failed to state facts sufficient to constitute a cause of action against them.   The disposition of the question of law raised by the demurrer depends upon the construction and effect of the provision of the statute pursuant to which the lien on the fund was discharged.   If the result of such discharge was such that the only remedy of the plaintiff to avail himself of that undertaking was primarily by action at law against the contractor McLaughlin

to recover a judgment against him, the objection was well taken by the demurrer; otherwise if the plaintiff was permitted in the first instance to proceed in equity. The statute applicable to the city of New York provides to the effect that any person performing any labor or furnishing any materials towards the performance of any contract with the city, on filing the requisite notice, shall have a lien for the value of such labor or materials upon the moneys in the control of the city due or to grow due under such contract, and that this right to a lien is available to a person employed by or furnishing materials to a subcontractor. Laws 1882, c. 410, §§ 1824, 1825. The claimant, having filed his notice of lien, may by action enforce his claim against the fund. Id. § 1829. He must make all parties who have filed claims, the contractor, and the city parties defendant (Id. § 1830); and the court shall determine the validity of the lien, the amount due to the contractor under the contract, and the amount due from him to the respective claimants, and render judgment, etc. (Id. § 1831): The statute also provides that the lien may be discharged:

"Fourth. By giving an undertaking with at least two sureties * * * to the effect that the person or persons from whom the amount set forth in the notice of lien shall be claimed to be due or to grow due will pay on demand to the claimant or claimants named in such notice the amount of any judgment which may be recovered in an action upon the claim or demand specified in such notice of lien against such person or persons not exceeding the sum specified in the undertaking, with interest and costs." Id. § 1836, as amended by Laws 1895, c. 605.

The contractor McLaughlin, with the defendants McKeon and Hart as sureties, gave the requisite undertaking for the discharge of the plaintiff's lien. The apparent or literal meaning of the terms of this provision for the discharge of a lien is that, when it is accomplished by an undertaking, the claim of the person filing the notice of the lien is taken from the operation of the statute, except only the notice filed is to be the subject of reference to see what is "the claim or demand" specified therein, and that is necessary only for the purpose of thus limiting the recovery of a personal judgment for such claim or demand by the claimant against the contractor, and to show that the recovery was so limited when he seeks to charge the sureties upon the undertaking. The words "will pay on demand," in their relation to and as expressive of the obligation assumed, would seem to import that a personal judgment must be recovered against the person from whom the claim or demand is due prior to having any resort to the liability created by the undertaking. From that view, unqualified, would follow the conclusion that the remedy of the claimant in such case is reduced to actions at law, and that his recovery is not necessarily dependent upon the fact that he had a lien upon the fund, or that the recovery is necessarily limited to the amount of his claim or demand which was a lien, provided that named in the notice for labor or materials exceeds the claim or demand for which the lien existed, for the reason that some portion of it may have been employed or used elsewhere than in performance of the contract upon which the fund in question was due or to grow due to the contractor. While there is no legal rea-

son why the sureties may not assume such a liability not necessarily restricted to the amount of the lien which had been discharged, it is not probable that such was the legislative intent; and, by pursuing the consideration which may arise, it is seen that a difficulty may be encountered as to the practicability, under some circumstances, of this statute, upon the construction that the remedy is by actions at law only.

The lien law is available alike to those who perform labor for and furnish materials to subcontractors and contractors. It may happen that a larger sum may be due to those who have furnished materials and performed labor for a subcontractor than the latter is entitled to recover from the contractor. If they should file notices of lien, the lien could not on that interpretation be discharged by means of an undertaking under the statute, unless the contractor and his sureties assume a liability in amount beyond that with which he can otherwise be chargeable. It would seem to be more in harmony with the other provisions of the statute on the subject, and more consistent with the object in view and to be attained by this provision for the discharge of a lien, to permit the words, "claim or demand specified in the notice," to import such claim or demand as was a lien upon the fund. This interpretation of the statute would render the question of lien and its amount the subject of consideration, and the undertaking would be treated in some sense as a substitute for the fund from which the lien had by it been discharged. It is quite evident, from the nature and purpose of the amendment of 1895, that it was not intended to do more than to preserve, in the substituted security provided for, that which the claimant had acquired by filing his notice of lien against the fund. This view of the statute, as has been observed, is more favorable to the contractor and the liability assumed by his sureties than the interpretation contended for by the defendants' counsel, and preserves fully to the claimant the benefit acquired by the filing of his notice of lien, and which he could have derived from it if the lien had not in that manner been discharged.

In construing an amending provision of a statute, reference may be had to the other provisions of which it becomes a part, to ascertain its object and purpose in that relation. It is seen that the provision in question became part of the statute as a whole, providing for obtaining and enforcing liens in behalf of laboring and material men upon funds due to the contractors and subcontractors who have become liable to them for labor and materials employed and used in performance of contracts with the city. The provision inserted by the amendment for relieving the fund from the lien by means of an undertaking may reasonably be supposed to have been intended not to prejudice any substantial rights of the claimant or contractor as they existed prior and up to the time of filing the undertaking. The doctrine that the liability of a security is strictissimi juris is to the effect that he will not be held beyond the precise stipulation of his contract, whether assumed pursuant to statute or otherwise. The liability, restricted to the claim or demand which had become a lien upon the fund, cannot exceed but may be

less in amount than might arise from the construction which would relieve the claim or demand referred to from any relation to the fact and amount of the lien. The provision that the person making the undertaking will pay on demand the amount of any judgment which may be recovered in an action upon the claim or demand, etc., does not, we think, necessarily require that a recovery must primarily be had in an action against the contractor alone, as all that is requisite, within the purpose of the statute in that respect, may be accomplished in an action in equity in which he and the sureties may be made parties defendant. The personal judgment can in such case be directed and rendered against the contractor, and the liability of the sureties also established by the judgment to pay on his default. We think that this interpretation is expressive of the purpose of the amendment of 1895, and effectuates the legislative intent. In that view of the statute, all parties interested may be brought in and heard upon the subject of the existence of the lien which had been discharged and the amount of it. This right to go into equity in the first instance does not deny to the claimant the right to proceed by action at law against the contractor, and after the recovery of judgment against him to proceed by a further action to charge the parties upon the undertaking. Laws 1882, c. 410, § 1835; Ringle v. Matthiessen, 10 App. Div. 274, 41 N. Y. Supp. 962.

These views, founded upon questions of the construction and effect of the statute not free from doubt, lead to the conclusion that the discharge of the lien by giving the undertaking did not deny to the claimant the right to his action in equity for the relief sought. While the case of Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3, is distinguishable from, and not necessarily applicable to, the present case, there is such analogy on the question of construction of the statute to make the reference to it legitimately pertinent.

The judgment should be reversed, and demurrer overruled, with leave to the defendants to answer on payment of costs. All concur.