PHILIP SULLIVAN, Respondent, *v.* RICHARD GOODWIN and HENRY G. GOODWIN, Appellants, Impleaded with URIAH ELLIS and ELLA ELLIS.

*Mechanic's lien — bond given to discharge it — relative liability of the obligors on the bond and the sureties on an undertaking on an unsuccessful appeal from a judgment of foreclosure of the lien — subrogation.*

In an action brought by the lienor against the sureties upon a bond given to discharge a mechanic's lien filed under chapter 342 of the Laws of 1885, it appeared that the lienor had commenced an action to foreclose the lien, in which he had recovered judgment, from which the owner had appealed, giving the usual undertaking with sureties to stay execution upon the judgment, which was affirmed upon such appeal, and thereafter an order was granted permitting the lienor to maintain the present action on the bond.

As a defense to this action on the bond the sureties thereon offered evidence, in support of the allegations of their answer, to show that they requested the

lienor to proceed upon and collect his money on the undertaking given on the appeal, which he refused to do.

*Held,* that the lienor was not bound to pursue his remedy against the sureties on the undertaking on the appeal before seeking his remedy against the sureties upon the bond given to discharge the lien;

That the bond to discharge the lien practically stood in the place of the premises upon which the lien existed, and that as between the parties to that bond and the sureties on the undertaking on the appeal the former were the principal debtors, and were consequently not entitled to be subrogated to the rights of the lienor as against the latter.

APPEAL by the defendants, Richard Goodwin and Henry G. Goodwin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 15th day of June, 1897, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Trial Term.

*Edward G. Nelson,* for the appellants.

*Nathaniel H. Clement,* for the respondent.

GOODRICH, P. J.:

The action is brought upon a bond executed by the defendants, pursuant to the provisions of the act commonly known as the Mechanics' Lien Law (Chap. 342, Laws of 1885).

On September 21, 1885, the plaintiff filed in the office of the county clerk of Kings county a notice of mechanic's lien for the sum of $1,950, on premises on De Kalb avenue, Brooklyn, of which the defendant Ella Ellis was owner. The defendant Uriah Ellis, husband of Ella, was the contractor for erecting buildings upon such premises. On October 8, 1885, Ella Ellis and Uriah Ellis, as principals, and the defendants Richard Goodwin and Henry G. Goodwin, as sureties, executed a bond in the sum of $2,500, to the clerk of Kings county, the condition of the bond being that it should be void if the defendants, Ellis or either of them, "shall pay or cause to be paid any judgment not exceeding the sum of twenty-five hundred dollars which may be awarded against the property described in the notice of claim against Uriah Ellis as contractor, etc.; filed with the Clerk of the County of Kings on the 21st day of September, 1885, by one Philip Sullivan for the sum of $1,950 in any

action to enforce such claim or to foreclose the lien created by the filing of said notice and which said property is that substantially described in said notice as follows :" etc.

The plaintiff herein commenced an action in the City Court of Brooklyn against the defendants Ellis and the Bushwick Savings Bank which had a mortgage upon said premises, to foreclose the lien. To this action the defendants Goodwin were not made parties. A judgment, in the usual form of similar judgments, was rendered in that action on July 30, 1886, against Ella Ellis, for the sum of $1,559.87, and from said judgment she appealed to the General Term of the City Court, giving the usual undertaking, executed by her husband and one John P. Tilman, to stay the execution of the judgment, the appeal being perfected on October 29, 1886, but the appeal was not determined until June 28, 1892, when the judgment was affirmed. On December 17, 1892, an order was made granting permission to the plaintiff to commence and maintain an action on the bond. The present action was commenced on February 11, 1895, against the defendants Ellis, as principals, and the defendants Goodwin, as sureties, to recover the amount of the judgment against the defendant Ella Ellis, and the complaint alleges the assignment to the plaintiff of the bond in question by the clerk of Kings county. The defendants Goodwin denied knowledge of such assignment. The assignment is not set out in the record, but no question seems to have been raised upon this point, and I assume that it was contained in the unprinted papers which, according to the record, were attached to the order giving permission to sue.

The plaintiff offered in evidence, *inter alia*, the judgment roll in the action to foreclose the mechanic's lien and the judgment of affirmance on appeal therefrom. Whereupon the defendants Goodwin moved to dismiss the complaint, upon the ground " that the plaintiff has not established a cause of action, there being no evidence of any proceeding against the owners to enforce the judgment, the undertaking of the bond being that they will pay." The motion was denied and the defendants excepted. The defendants Goodwin then offered evidence in accordance with the allegations of their answer, to show that they requested the plaintiff to proceed upon and collect his money on the undertaking on appeal; that he refused to do so; that at that time the sureties therein named were

solvent, and continued to be up to the time of the present action, but are now insolvent; and that the plaintiff failed so to do. Upon the objection of the plaintiff the testimony was excluded, the defendants Goodwin excepted and the court directed a verdict for the plaintiff for the amount of the Ellis judgment and interest. To this refusal the defendants excepted, and from the judgment entered upon this verdict the defendants Goodwin appeal.

The only question which seems to be involved in this appeal is whether the plaintiff was bound to pursue his remedy against the sureties in the undertaking on appeal to the General Term of the City Court, as requested by the defendants Goodwin, or could immediately resort to his action against the sureties upon the original bond given to discharge the mechanic's lien on the property of the defendant Ella Ellis. The condition of the bond upon which this suit is brought is that it shall be void unless Ella Ellis pays the judgment therein referred to. There is no allegation in the answer that she has paid such judgment, and by the terms of the bond the liability of the defendants is thereby fixed and determined.

But the defendants Goodwin claim that the plaintiff was bound upon their request to pursue the sureties in the undertaking on appeal before resorting to themselves. The bond to discharge the lien practically stands in the place of the premises upon which the lien existed, and, as between the parties to that bond and the sureties in the undertaking on appeal, the former became the principal debtors, and they had no right to compel the plaintiff to pursue the sureties in the undertaking for a claim in respect to which they themselves were principals. To hold this would be to subvert the principles of law which govern the relation between principals and sureties.

Many cases are cited by defendants' counsel in support of his proposition, but they relate to the principle first laid down in the case of *Pain* v. *Packard* (13 Johns. 174), that a surety will be exonerated when he has requested the holder of the obligation to proceed against a solvent principal and the holder neglects thus to proceed and the principal becomes thereafter insolvent. It is not necessary to question this decision and many which follow it, for the defendants set up no such defense in this action. They claim, not that the plaintiff should proceed against principals, but against other sureties. The defendants themselves are really the principals in the

transaction, as between themselves and the sureties in the undertaking on appeal. The entire argument of the defendants' counsel proceeds upon the theory that the sureties in the undertaking on appeal are the principals on the debt, and that the defendants are sureties to such principals. This contention has no foundation in fact or in law.

In addition to this, it was held in *Morton* v. *Tucker* (145 N. Y. 244) that an action at law can be maintained upon a bond, given to discharge a mechanic's lien, without first resorting to action to foreclose the lien upon the property. This decision was intended to set at rest some conflicting authorities upon the question, and under it the plaintiff is entitled to recover against the sureties upon the bond, without any reference to the proceedings in an action to foreclose the mechanic's lien. The refusal to admit the evidence, therefore, was not error.

The question is raised in the briefs, whether the defendants Goodwin are entitled to be subrogated to the rights of the plaintiff against the sureties on the undertaking. We think this is conclusively set at rest by the case of *State Bank* v. *Smith* (155 N. Y. 185), where it was held that a bank, holding a judgment against a principal debtor, not simply for its own security, but also for the indemnity of the surety on notes discounted for the principal debtor, owes the surety the duty of dealing in good faith with its judgment, and of doing nothing to impair such security to the prejudice of the surety's rights; and that the duty imposed upon the bank, under such circumstances, is not an active, but a negative duty, as it is simply bound not to cancel, waste or impair its security; and that if the surety wishes to control the judgment held by the bank as collateral security, it is his duty to pay the debt and become subrogated, *pro tanto*, in the collateral. But in our view this question does not arise, as we have already held that, as against the sureties on appeal, the defendants are primarily liable.

The same doctrine is followed in *First National Bank* v. *Wood* (71 N. Y. 405).

It follows that the judgment must be affirmed.

All concurred.

Judgment affirmed, with costs.