(99 App. Div. 443)

### MERTZ et al. v. PRESS et al.

(Supreme Court, Appellate Division, First Department.  December 23, 1904.)

**1. MECHANICS' LIENS—LIEN AGAINST CITY—BOND—DISCHARGE—ACTION.**

Where plaintiff furnished materials to a construction company doing work under a contract with the city of New York, and afterwards filed a mechanic's lien with the comptroller, claiming a lien on funds due the construction company, whereon the construction company obtained a discharge of the lien, as permitted by Laws 1895, p. 1302, c. 605, by filing a bond, with sureties, an action by plaintiff to foreclose the lien, which failed because the court held that there was no lien to be foreclosed, was not a decision on the merits, and did not bar a subsequent proceeding in equity against the construction company and the sureties on the bond.

**2. SAME—REMEDY—PROCEEDING IN EQUITY.**

Though the plaintiff might have proceeded with a foreclosure action against the construction company alone, and recovered a judgment establishing the validity of the lien, and then maintained an action at law against the sureties, he might, at his option, bring all the parties into a proceeding in equity, where the judgment establishing the validity and amount of the lien might be had, and thereon obtain a personal judgment against the judgment debtor and the sureties.

**3. SAME—PLEADING.**

If, on an attempt to proceed by the latter method, a demand for a money judgment militated against the proceeding being considered as in equity, the parties, by going to trial before a jury without objection, waived any rights in this respect.

**4. MUNICIPAL LIENS—DISCHARGE—BOND—LIMITATIONS.**

Laws 1882, pp. 439–441, c. 410, §§ 1824–1838, relate to liens for work or materials under municipal contracts with the city of New York, specifying how such liens shall be filed, entered, etc., and provide that no lien shall be binding unless an action be commenced within 90 days from the filing of the same, and a notice of pendency of such action be filed with the comptroller.  Laws 1895, p. 1302, c. 605, amends section 1836 of said former law by providing that such lien may be discharged by giving an undertaking, with sureties, to the effect that the person from whom the amount of lien shall be claimed to be due will pay to the claimant the amount of any judgment recovered in an action on the claim or demand.  *Held,* that the limitation in the former statute did not apply to an action on a bond given under the amendment.

Appeal from Trial Term, New York County.

Proceedings by William J. Mertz and another against T. Shannon Press, receiver, and another.  From a judgment on a verdict directed for plaintiffs, defendants appeal.  Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Frederic J. Swift, for appellants.
Ernest Hall, for respondents.

HATCH, J.   The plaintiffs herein furnished certain work, labor, and materials to the Mapes-Reeves Construction Company, in connection with a contract between it and the city of New York for the building of a schoolhouse.   Not having been paid therefor, the plaintiffs filed a mechanic's lien with the comptroller of the city of New York and with the board of education, claiming a lien upon funds due and to become due to the extent of the claim therein specified.   After the filing of this lien the Mapes-Reeves Construction Company caused to be executed by the defendant the City Trust, Safe Deposit & Surety Company of Philadelphia a bond for the purpose of obtaining a discharge of the lien.   This bond recited the filing of the lien, and that the construction company desired to discharge the same, pursuant to chapter 605, p. 1302, of the Laws of 1895, and it provided "that the said Mapes-Reeves Construction Co., will pay on demand to the said William J. Mertz and William M. Dawson, the amount of any judgment which may be recovered against said Mapes-Reeves Construction Co. in or upon a demand specified in said notice not exceeding the sum of $6,993.53 with interest and costs."   After the giving of the bond the city of New York paid to the construction company an amount in excess of the sum claimed in the plaintiff's lien.   Thereupon the plaintiffs brought an action against the construction company to foreclose their lien.   The complaint in that action set up the contract of the construction company with the city, and the plaintiffs' contract with the former, the furnishing of material, and the amount due therefor, and claimed a lien upon the funds in the possession of the city, and asked judgment that the amount of their lien be determined, and that such sum be declared to be a lien upon the funds in the possession of the city, and directing the city to pay the same.   Issue was joined therein by the service of an answer, and the case came on for trial at Special Term, and resulted in a judgment dismissing the complaint.   In the decision the court found that the lien was properly filed, that there was in the hands of the comptroller of the city of New York more than sufficient money to pay the amount of plaintiffs' claim in full, and that they had secured a valid lien upon the moneys in the hands of the comptroller.   The court also found that the amount due and unpaid to the plaintiffs from the construction company was the sum of $6,057.75, with interest from September 29, 1898.   In directing judgment for the defendants, the court said that its "decision [was based] upon the sole ground of want of power in the court to render a personal judgment in this action in favor of the plaintiffs against the Mapes-Reeves Construction Company, their lien having been discharged before the commencement of this action by the giving and approval of the bond hereinbefore referred to."   From this judgment no appeal was taken.   Thereafter the plaintiffs brought this action, making the construction company a party through its receiver—one having been appointed ad interim—together with the sureties in the bond.   The complaint herein sets out all of the facts and proceedings which have been had and taken in connection with the lien, and demands a money judgment against all of the defendants

for the amount of the claim, with interest from September 29, 1898. Issue was joined by the service of separate answers by the respective defendants, and the case was brought to trial before the court and a jury without objection upon the part of the defendants, and, at the close of the trial the court directed a verdict against both for the amount of the plaintiffs' claim. Judgment having been entered thereon, this appeal is taken.

The action for the foreclosure of the mechanic's lien, and the judgment entered thereon dismissing the complaint, did not constitute the same a bar to this action. It was not a determination upon the merits, but was based solely upon the ground that there was no lien to be foreclosed. The court was in error in the disposition which it made of that case, as the plaintiffs were entitled to have a judgment establishing the validity of their lien, and also of the amount due thereunder. While no judgment of foreclosure of the lien could be decreed, as there was no fund upon which it could operate, its effect would be to furnish a basis for enforcing the bond which had been substituted in the place of the fund; and an adjudication was necessary as to the validity of the lien and the amount due thereunder, in order to form a basis for the prosecution of the bond. The determination, however, does not conclude the plaintiffs from maintaining this action, assuming that upon any ground the plaintiffs show a right to recover. The real question in the case, aside from the statute of limitations, hereinafter noticed, is, can the plaintiffs, without first establishing by judgment the validity of the lien and the amount due thereunder, maintain an action against the sureties in the bond, and have established in such action the validity of the lien, and its amount, and a personal judgment against the construction company and the sureties in the bond, at the same time and in the same action? It is contended that this may not be done. In Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3, an action was brought to enforce a mechanic's lien, in which were made parties the defendant who had contracted the debt to enforce which the lien was filed, and also the sureties in the bond which had been given to discharge the lien. A demurrer was interposed by the sureties, based upon the ground that they were not primarily liable, and could not be charged therein until the plaintiffs had exhausted their remedy by an action against the debtor for the purpose of foreclosing the lien. The appellants therein insisted that an action at law could be maintained upon the bond without first resorting to an action to foreclose the lien upon the property. Upon this subject, as pointed out by the court, the lower courts had differed. In disposing of the question, the court said:

"The action is in equity, brought under the statute, in which all of the persons interested, including the sureties upon the bond, are made parties. The complaint is in the usual form, with the exception that it should allege the giving of the bond and the discharging of the lien, so far as the real estate is concerned; and, instead of asking judgment for a sale of the premises, it should demand relief, as against the persons executing the bond, for the amount that should be determined to be payable upon the lien. The court then upon the trial can determine the rights and equities of all of the parties, and award the final judgment contemplated by the statute."

If this statement be regarded as laying down the correct practice, then this case was properly brought. The facts pleaded in the complaint show it to be an action in equity, brought to establish the validity of the lien and the amount of the debt due thereunder; and, this being adjudged, judgment can pass against the debtor for the sum so found due, and also against the sureties in the bond, as it appears that the parties hereto are the only parties in interest in the fund. The demand for a money judgment does not characterize the action, and, if it did, as the parties went to trial at circuit before a jury without objection, and litigated the question, they have waived any rights in this respect to which they might otherwise have been entitled, had objection thereto at the proper time been interposed. Steuerwald v. Gill, 85 App. Div. 605, 83 N. Y. Supp. 396. It is said, however, that the rule announced in Morton v. Tucker, supra, was obiter, and is in conflict with subsequent decisions. The basis for this contention lies in a decision rendered by this court in Ringle v. Matthiessen, 10 App. Div. 274, 41 N. Y. Supp. 962. Therein a judgment of foreclosure had been obtained, establishing the amount of the lien and its validity. After such judgment an action at law was brought against the sureties on the bond. It was held that this was proper practice, and that the action could be maintained. Upon appeal this decision was affirmed by the Court of Appeals. 158 N. Y. 740, 53 N. E. 1131. The court, in commenting upon the decision in Morton v. Tucker, stated that the remarks of the court therein were obiter, and therefore not binding as a conclusive rule of practice, and the affirmance by the Court of Appeals clearly indicates that such is the view of that court. It does not, however, follow that, because the rule of practice laid down in Morton v. Tucker was obiter, it does not state a sound question of law, and furnish, if not an exclusive rule, at least a proper practice for the adjustment of rights in this class of actions. There seems to be no substantial reason why an action in equity may not be maintained to establish the validity of the lien and the amount due thereunder, and also establish the liability of the sureties in one action. When a judgment is had, establishing the amount and validity of the lien, the case is brought squarely within the terms of the bond, and there seems to exist no reason why the entire determination may not be had in one action as well as in two. If any question arises in such action upon which any of the defendants are entitled to a jury trial, they can protect every right by insisting thereon, when the same may be awarded. Steuerwald v. Gill, supra. It was said by Judge Bradley in Miller v. McKeon, 15 App. Div. 133, 44 N. Y. Supp. 371, in commenting upon a similar question:

"The provision that the person making the undertaking will pay on demand the amount of any judgment which may be recovered in an action upon the claim or demand, etc., does not, we think, necessarily require that a recovery must primarily be had in an action against the contractor alone, as all that is requisite, within the purpose of the statute in that respect, may be accomplished in an action in equity in which he and the sureties may be made parties defendant. The personal judgment can, in such case, be directed and rendered against the contractor, and the liability of the sureties also estab-

lished by the judgment to pay on his default. * * * In that view of the
statute, all parties interested may be brought in and heard upon the subject
of the existence of the lien which had been discharged, and the amount of it.
This right to go into equity in the first instance does not deny to the claimant
the right to proceed by action at law against the contractor, and, after the re-
covery of judgment against him, to proceed by a further action to charge the
parties upon the undertaking."

In Sullivan v. Goodwin, 30 App. Div. 194, 51 N. Y. Supp. 1000,
the court said, in speaking of the decision in Morton v. Tucker:

"This decision was intended to set at rest some conflicting authorities upon
the question, and under it the plaintiff is entitled to recover against the
sureties upon the bond, without any reference to the proceedings in an action
to foreclose the mechanic's lien."

Upon appeal this decision was affirmed by the Court of Appeals.
164 N. Y. 583, 58 N. E. 1092.

In Von Den Driesch v. Rohrig, 45 App. Div. 526, 61 N. Y. Supp.
341, this court said, speaking through Mr. Justice Patterson:

"It was formerly a question whether the recovery of a judgment establish-
ing a right to a lien, and its extent and amount, was not a condition precedent
to a right of action on the bond against the sureties; but it was settled in
Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3, that the establishment of the lien
and the enforcement of the liability of the sureties may be in one suit in equity
against all parties in interest. The undertaking of the surety, it is there said,
is to 'pay the amount which it should be adjudged was due and owing to the
plaintiffs, and which was chargeable against the property by virtue of their
notice of lien,' and that by the statute 'it was evidently intended that the bond
should take the place of the property and become the subject of the lien,' and
that 'the action is in equity, brought under the statute, in which all the per-
sons interested, including the sureties upon the bond, are made parties,' and
the relief against them is for the amount that may be determined to be pay-
able upon the lien."

The result of these decisions seems to fairly settle the law that
either course of procedure is permissible—one, to proceed with the
foreclosure action against the debtor alone, and recover a judgment
establishing the validity of the lien and its amount, and then main-
tain an action at law against the sureties in the bond; the other,
to bring all of the parties into equity, where the judgment estab-
lishing the validity and amount of the lien may be had, and at the
same time, based thereon, personal judgment can be directed
against the judgment debtor and the sureties. As the matter now
stands, the practice in each case has the sanction of the courts, and
we see no sound reason, in principle, why resort may not be had
to either method.

As the first action for the foreclosure of the lien was not a bar to
the maintenance of this action, plaintiffs would seem to have
brought themselves squarely within the rule of law authorizing a
resort to an equitable action; and, as the parties must be deemed
to have consented to the trial of the cause at the circuit, no ob-
jection to such procedure is now available. As it was both proved
and conceded that the lien was valid, and the amount was not in
dispute, and no defense appeared in favor of the sureties or the
receiver, the direction of a verdict was proper.

It is said, however, that the statute of limitations provided by
the statute is an answer to the maintenance of the present action.

If the statute applies to an action upon a bond, the defendants are undoubtedly correct. We do not think that any sound distinction can be made between a deposit of money, as provided by the statute, for the discharge of a lien, and the giving of a bond. In each case the deposit or the bond takes the place and is a substitute for the fund, and, in enforcement of the claim, is subject to the same rules. The case of Hafker v. Henry, 5 App. Div. 258, 39 N. Y. Supp. 134, decided by this court, is conclusive of the question that the short statute of limitations provided by the statute for the enforcement of the lien does not apply in such a case. While the statute in many respects is obscure in its language, it does not call for the application of any different rule to this case than is applied in the case of a deposit.

It follows from these views that the decision below was correct, and the judgment should therefore be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur.

LAUGHLIN, J. I concur in the result, but do not agree that in the case of a municipal lien it is necessary, in an action against the principal and sureties, to establish the validity of the lien.