### HARLEY v. PLANT et al.

(Supreme Court, Appellate Division, Second Department. March 15, 1912.)

MECHANICS' LIENS (§ 227*)—BONDS—LIABILITY — RES JUDICATA — PARTIES BOUND.

> Plaintiff recovered judgment in an action against a city to enforce a lien as a subcontractor against funds in the hands of the city. Defendant contractor in such action executed a bond to pay any judgment which might be recovered in the action to enforce such lien. *Held,* that such judgment was not res judicata as to the sureties on such bond; they not being parties to the action, and having an interest in the questions determined.

> [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 410; Dec. Dig. § 227.*]

Appeal from Special Term, Kings County.

Action by James Harley against Humphrey L. Plant and another. From a judgment for plaintiff on the pleadings, defendants appeal. Reversed, and judgment directed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James Troy, for appellant Plant.

Frank S. Angell (Charles F. White with him on the brief), for appellant Gleichmann.

George W. Titcomb, for respondent.

WOODWARD, J.  The complaint in this action alleges the filing of a notice of lien with the proper officials for the sum of $4,177.30 on the moneys due or to grow due one Peter Guthy under his contract with the city of New York for the construction of a public improvement; that thereafter proceedings "were taken by said Guthy for the purpose of securing the cancellation and discharge of said lien by filing a bond in the manner prescribed by the Lien Law, by presenting to the Supreme Court a petition, a copy of which is hereto annexed and made a part of this complaint  *   *   *   and thereafter an order of the Supreme Court,  *   *   *   was made September 27, 1909,  *   *   * fixing the amount of the undertaking to be given by said Guthy to discharge said lien to be the sum of $8,354, said undertaking to be executed pursuant to chapter 38 of the Laws of 1909.   That thereafter, on or about the 16th day of October, 1909, the plaintiff began an action in the Supreme Court, Kings county, to foreclose said lien.  That thereafter the defendants executed a bond conditioned that they should well and truly pay any judgment which might be recovered in an action to enforce the lien before mentioned."  That this bond was approved by a justice of the Supreme Court, and "thereafter said bond and a copy of said order were filed with the comptroller of the city of New York and with the board of education of the city of New York, and plaintiff's said lien was thereupon canceled and discharged, as provided in said order.  That thereafter such proceedings were had in said action brought to foreclose said lien that on or about the 3d day of June, 1911, final judgment therein was obtained by the plaintiff, and was entered by the clerk of the county of Kings, as follows: 'Ordered, adjudged and decreed that the lien filed by the plaintiff on the 27th day of August, 1909, with the comptroller of the city of New York and the board of education of the city of New York, and set forth in the complaint, was then and continued to be until its said bonding and cancellation and would now be, except for such bonding and cancellation, a good and valid lien to the extent of $4,177.30, with· interest, now amounting to $380.07, on the moneys of the city of New York due or to become due the defendant Guthy on account of the construction of the public improvement mentioned in said lien, and that the amount due plaintiff on said lien is the amount thereof, $4,-177.30, with interest from the time when due, amounting to $380.07, and that the plaintiff became and was entitled to enforce said lien against the moneys in the hands of the city of New York applicable to said public improvement until its said bonding and discharge, and would now be so entitled, except for such bonding and discharge; and it is further ordered, adjudged, and decreed that the defendant, the city of New York, is and has been since the aforesaid bonding and discharge of said lien an unnecessary party to this action, and this action is discontinued against it, and that the plaintiff have personal judgment against the defendant Peter Guthy for the sums due, as

aforesaid, making a total of $4,557.37, together with the sum of $96.47, costs to be taxed, and that the plaintiff have execution therefor.' "

The complaint then closes with the allegation that "execution on said judgment was duly issued against said Guthy to the sheriff of the county of Kings, where said Guthy then resided, and said execution has been returned wholly unsatisfied and said judgment remains wholly unpaid," and a demand for judgment against the defendants, the sureties upon the bond mentioned in the complaint, for the sum of $4,653.84, with interest and costs.

The obligation of the bond on which the defendants are sureties is that:

"If the above bounden Peter Guthy, William Gleichmann and Humphrey L. Plant shall well and truly pay any judgment which may be recovered in an action to enforce the lien before mentioned, then this obligation to be void," etc.

The defendant Plant, answering the complaint, "denies that the action referred to in paragraph 3 thereof was begun or commenced against the defendants in this action, or either of them, or against the city of New York," and avers as a defense to this action:

"That said action was brought and prosecuted to judgment against the said Peter Guthy alone, and not otherwise, and this court did not acquire any jurisdiction in said action of the defendants herein, or either of them, or of the said city of New York, for the foreclosure of said alleged lien, or otherwise, and said alleged judgment in said action did not foreclose or constitute a foreclosure or enforcement of said alleged lien as against the defendants herein or the said city of New York, and is not binding on them, or either of them, and is in legal effect a judgment for the sum of money therein mentioned against the said Peter Guthy only, and not otherwise."

There are some other allegations of new matter pleaded as a defense not necessary to be here considered.

The defendant Gleichmann makes a general denial in substance of the matters alleged in the complaint, except that he admits being one of the sureties upon the bond, and for a first defense alleges that on the 22d day of March, 1910, the plaintiff commenced an action against him upon the bond hereinbefore mentioned, the complaint in that action being set forth as an exhibit, and showing that the action was brought against Peter Guthy, the board of education of the city of New York, the city of New York, Humphrey L. Plant, and William Gleichmann. Among the allegations of that complaint was one that "no other action has been had at law, or otherwise for the recovery of said money, or any part thereof." The defense further alleges that the defendant Gleichmann appeared in that action and served an amended answer, and that upon the action coming on for trial on the 8th day of March, 1911, plaintiff, through his counsel, moved to discontinue the same, and that subsequently the plaintiff was permitted to withdraw that action, notwithstanding the objection of the defendants in the present action, and it is urged that the matters contained in the action of March, 1910, became res adjudicata. It is further alleged that:

"No notice has been given by the plaintiff herein to this defendant that an action was pending against the said Guthy upon which he would be held responsible and that the said sureties have been deprived of their rights, by

the negligence of the plaintiff, to notify them that an action was pending so that the sureties could come in and defend said action."

It appears for the purposes of this appeal that an action in due form was commenced against the proper parties for the foreclosure of the lien, or for the determination of the questions on which the liability of the sureties upon the original bond depend, and that this action was discontinued, without giving the defendants in the present action any opportunity to litigate these questions. After the second action had been thus discontinued, it appears that the original action, commenced on the 16th day of October, 1909, and which resulted in the giving of the bond involved in this action, was in some manner revived, and "thereafter such proceedings were had in said action brought to foreclose said lien that on or about the 3d day of June, 1911, final judgment therein was obtained by the plaintiff," etc., and this final judgment was a personal judgment against Peter Guthy, the principal in said bond. Of course, in the action of October 16, 1909, which resulted in the giving of the bond, neither of the defendants in this action were parties, and, while the city of New York appears to have been made a defendant originally, it was provided in the judgment that the action should be dismissed as against it, so that the result of the litigation was to determine that Peter Guthy owed the plaintiff the sum of money claimed to be due to the plaintiff as a subcontractor under Guthy in the construction of a public improvement for the city of New York. The contention of the plaintiff here is, and in this he has been sustained by the order granting judgment upon the pleadings, that the defendants, as sureties, are bound by this judgment in the action of October 16th to which they were not parties because of the recitals in that judgment to the effect that the original filing of the notice of lien operated to give to the plaintiff a good and valid lien upon the fund in the hands of the city of New York. There can be no question, of course, that as between the parties to that action the judgment is conclusive, but does it operate to conclude the defendants, who were not parties? That is the broad question presented by this appeal.

When the original action of October, 1909, was instituted, resulting in the giving of the bond and the discharge of the lien, new parties in interest were created. There had, at that time, been no adjudication that there was a good and valid lien. The bond was given for the very purpose of guaranteeing the subcontractor his pay, and leaving the question of the amount and all other questions open for future adjudication. The condition of the bond was that if the principal and his sureties, the defendants in this action, "shall well and truly pay any judgment which may be recovered in an action to enforce the lien before mentioned," and this clearly contemplated an action which should leave open for litigation to all parties in interest all of the questions which might arise in an effort "to enforce the lien before mentioned." Of course, when the bond was given, the lien was canceled of record, but it did not determine the amount due or to become due to the plaintiff, and while this question could be determined, perhaps, in the original action, as between the plaintiff and Peter Guthy,

or any one else who was a party to such action, we are of the opinion that it could not be determined as against persons who had an interest in the question, and who were not made parties. The action was dismissed as against the city of New York, and the only result of the judgment in the original action, no matter what its form, was to determine that the defendant Guthy personally owed a given sum of money to the plaintiff. It was in effect simply an action at law for a sum of money, and the defendants in the present action never undertook to pay any judgment which the plaintiff might secure against Guthy, but "any judgment which may be recovered in an action to enforce the lien before mentioned." The lien is not against Guthy. It attaches to "the moneys of the state or of such (municipal) corporation applicable to the construction of such improvement, to the extent of the amount due or to become due on such contract, upon filing a notice," etc. The action is not one against individuals. It is against the fund. The plaintiff is bound to show, in an action to which all interested parties have been summoned, that he has a lien upon the fund; that he would be entitled, except for the intervention of the bond, to have a certain amount of the fund "applicable to the construction of such improvement," and this must depend upon the amount of work he has performed under the terms of his contract, the number and amount of liens which may have been filed ahead of his claim, the amount which may have been lawfully disbursed before his lien was filed, and all of the other matters which might be involved in such a litigation. Until there has been such an adjudication, the bondsmen are not liable, for they have never undertaken to pay any personal judgments against their principal, only such judgment as shall be recovered in an action to enforce the lien. Subdivision 4 of section 19 of the Lien Law, in providing for bonds for the discharge of liens, says that such bonds shall be "conditioned for the payment of any judgment which may be rendered against the property for the enforcement of the lien." Such a bond takes the place of the property and becomes the subject of the lien, the same as moneys paid into court, or securities deposited after suit brought to foreclose the lien. Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3. In the case cited, the court, in discussing the provisions for the discharge of a lien either after or before action brought, in which a bond with two or more sureties may be given by the owner in such sum as the court may direct, but not less than the amount claimed in the notice of lien, conditioned for the payment of any judgment which may be rendered against the property, points out some of the conflicting authorities, and say:

"The sureties in the bond intended, and must be understood as undertaking, to pay the amount which it should be adjudged was due and owing to the plaintiffs and which was chargeable against the property by virtue of their notice of lien. In other words, the condition was for the payment of any judgment which might have been rendered against the property had not the bond been given. The bond, as we have seen, is given to discharge the lien. It is one of the proceedings provided for by the statute, and it was evidently intended that the bond should take the place of the property and become the subject of the lien in the same form and manner as is provided for in the case of the payment of money into court, or the deposit of securities under an order of the court after action brought. Ward v. Kilpatrick, 85 N. Y. 413–418 [39 Am. Rep. 674]. If this is so, the practice is simple. The action is

in equity brought under the statute in which all of the persons interested, including the sureties upon the bond, are made parties. The complaint is in the usual form, with the exception that it should allege the giving of the bond and the discharging of the lien, so far as the real estate is concerned, and, instead of asking judgment for a sale of the premises, it should demand relief as against the persons executing the bond for the amount that should be determined to be payable upon the lien. The court then upon the trial can determine the rights and equities of all the parties, and award the final judgment contemplated by the statute."

If this is the correct practice, and we do not find it questioned except in the case of Hawkins v. Mapes-Reeve Construction Co., 82 App. Div. 72, 81 N. Y. Supp. 794, which has been pretty thoroughly discredited upon this point (Hawkins v. Mapes-Reeve Construction Co., 178 N. Y. 236, 241, 70 N. E. 783; Milliken Bros., Incorporated, v. City of New York, 201 N. Y. 65, 74, 94 N. E. 196), it must be apparent that the defendants now before the court have been deprived of their rights, for it nowhere appears that they were parties to the original foreclosure action, or that the complaint in that action ever contained the necessary allegations of fact to constitute a good cause of action against them. In Vitelli v. May, 120 App. Div. 448, 104 N. Y. Supp. 1082, an action was brought to foreclose a mechanic's lien; Johnson and Slocum, sureties upon a bond to procure a discharge of the lien, being made parties. This court, after pointing out that "the undertaking executed by the defendants Johnson and Slocum, and referred to in the complaint, is conditioned for the payment of any judgment which may be rendered against the property in an action to foreclose the lien," say:

"We agree with the defendants that they are not liable in this action unless the plaintiff had a valid lien, and this question is open to litigation in this action"—citing Parsons v. Moses, 40 App. Div. 58, 57 N. Y. Supp. 727.

It is true that in Ringle v. Matthiessen, 10 App. Div. 274, 41 N. Y. Supp. 962, affirmed without opinion, 158 N. Y. 740, 53 N. E. 1131, it was held that an action at law could be maintained where a bond had been given under the statute to discharge a mechanic's lien, and where, after the lien was discharged, the action was prosecuted to judgment against the original parties, the sureties upon the bond not having been brought in as parties, but in that case the defendant was the owner of the property, and the judgment adjudged that the plaintiffs recover against the defendants the amount of their claim, and that they had a lien against the premises described therein for the amount of their claim. There was an adjudication of a lien against the premises of the owner, who was a party to the action, and who had an interest to interpose any defense which might exist, and who would naturally keep his sureties advised of the situation, which is quite a different situation from that presented in the case at bar, where the action was to foreclose a lien against a fund in the custody of the city of New York, and where it was adjudged that the city was not a proper party to the action, and the complaint was dismissed as against the municipality, and a mere personal judgment was entered against the contractor. The owner of the fund was not before the court. There is nothing in the record to show that the defendant contractor had earned

any part of the fund, or that he had any interest, at the time the original action was brought to trial, in asserting the rights of his sureties. The court in Pierce, Butler & Pierce Manufacturing Co. v. Wilson, 118 App. Div. 662, 664, 103 N. Y. Supp. 678, 680, after calling attention to the rule of this case, and that laid down in Morton v. Tucker, supra, say:

"The latter, however, would appear to be the better practice, and this seems to have been the view of the Court of Appeals in Morton v. Tucker, supra."

See Maneely v. City of New York, 119 App. Div. 376, 390, bottom of page, 105 N. Y. Supp. 976.

In the original foreclosure action, the only parties before the court (for the case was dismissed as against the city of New York) was the plaintiff, a subcontractor, and the defendant Guthy, a contractor, and the only judgment in that action, aside from the adjudication that the city of New York was not a party in interest, was a personal judgment of the plaintiff against the defendant. There were recitals in the judgment that there was a good and valid lien, or would have been except for the bonding, which as between the parties to that action were proper enough, but there was no judgment other than a personal judgment against the defendant in that action, and we are of the opinion that the doctrine of Ringle v. Matthiessen, supra, ought not to be extended to meet the facts of this case, particularly in view of the attitude of the Court of Appeals in Milliken Brothers, Incorporated, v. City of New York, 201 N. Y. 65, 74, 94 N. E. 196. In the case cited the court say:

"The appellants * * * contend that, by reason of the deposit to discharge their liens, they are entitled to have the claims for which they recovered personal judgments paid out of the fund, even if their claims were invalid. We agree with the majority of the Appellate Division that this contention cannot be upheld. Subdivision 4 of section 21 of the Lien Law (Consol. Laws 1909, c. 33) provides for the discharge of a lien by the deposit of a sufficient sum of money. In such case the sum deposited is a substitute for the fund to which the lien attached until the deposit was made. A valid lien on the primary fund must therefore be established to justify payment out of the deposit. The argument of the appellants is that subdivision 5 provides for the discharge of a lien by the execution of a sufficient undertaking conditioned for the payment of any judgment which may be recovered in an action to enforce the lien; that section 3412 of the Code of Civil Procedure authorizes a recovery by a lienor of a personal judgment for his claim when he fails to establish a valid lien; that, had an undertaking been given to discharge the lien, the sureties would have been liable for the personal judgment; and that the liability should be the same whether the lien is discharged by a deposit or by the execution of an understanding. In Hawkins v. Mapes-Reeve Constr. Co., 82 App. Div. 72, 81 N. Y. Supp. 974, the contention of the appellants so far as it relates to an action on an undertaking was upheld by a divided court. The case was affirmed in this court (178 N. Y. 236, 70 N. E. 783), but on the ground that the claimants' liens were valid. The court declined to pass upon the question on which the case had been decided in the Appellate Division, nor is it necessary to determine that question now. It is sufficient to say that, as the various provisions of the Lien Law relating to the discharge of liens are directed towards the substitution of the fund or undertaking in lieu of the thing against which the lien attached, the substituted liability should not be greater than the original liability, unless the direction of the statute is clear and express. No such direction relating to the deposit of moneys is to be found in the statute, whatever may be the case as to undertakings."

Clearly the Court of Appeals is not in accord with the doctrine of the Hawkins Case, supra, and we are clearly of the opinion that the defendants in the present action are entitled to be heard upon the issues raised by their answers as against a plaintiff who has merely a personal judgment against the principal contractor, and particularly as such personal judgment may be procured where there is a failure to establish the lien. Section 3412, Code of Civil Procedure.

The judgment and order appealed from should be reversed, with costs to the appellants, and judgment directed for the defendants upon the pleadings, with costs.

JENKS, P. J., and HIRSCHBERG and RICH, JJ., concur. BURR, J., not voting.