CUNNINGHAM v. HATCH et al.

*(Common Pleas of New York City and County, General Term.   April 4, 1892.)*

1. SETTING ASIDE DEFAULT—DISCRETION OF COURT.
 The discretion of the court in vacating a judgment on plaintiff's default, in an action to foreclose a mechanic's lien, and requiring the return of a deposit to discharge the lien, withdrawn by defendant, to the county clerk, will not be reviewed, unless for an abuse of its exercise or manifest injustice.

2. MECHANICS' LIENS—WITHDRAWAL OF DEPOSIT.
 When a judgment on plaintiff's default, in an action to foreclose a mechanic's lien, is vacated, the action is reinstated, and the moneys which were on deposit with the county clerk to discharge the lien, and which were withdrawn by defendant after judgment, should be redeposited.

3. SAME.
 An order directing such redeposit is not unauthorized as being without a trial and judgment of ownership.

Appeal from special term.

Action by James Cunningham against Annie L. Hatch and others to foreclose a mechanic's lien.   Defendants appeal from an order vacating a judgment by default, and requiring the defendants to return a deposit made to the county clerk for the purpose of discharging the lien, and which was withdrawn by defendants after judgment.   Affirmed.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*G. S. Wilkes,* for appellants.   *John A. Grow,* for respondent.

PRYOR, J.   On the 19th of April, 1889, the plaintiff duly acquired a mechanic's lien on property of the defendants.   On the 15th of July, 1889, the defendants discharged the lien by a deposit with the county clerk.   On the 24th of February, 1890, the plaintiff commenced this action to enforce the lien, but, failing to appear at the trial, judgment by default was entered dismissing his complaint.   Thereupon the defendants withdrew the deposit from the clerk's office.   But, on application to the court at special term, the plaintiff was relieved of his default, the judgment against him vacated, and the defendants ordered to return the deposit to the clerk.   From this order the appeal is taken.

So much of the order as vacates the default judgment was allowed in the discretion of the court; and, upon the papers before us, we do not perceive any abuse in the exercise of that discretion.

The contention is over the provision in the order which directs the return of the deposit by the defendants.   But this, too, being matter of discretion, —*Coster* v. *Peters,* 7 Rob. (N. Y.) 386, 4 Abb. Pr. (N. S.) 53,—we cannot countermand the return of the deposit, unless manifest justice so require.   On the contrary, the interests of justice plainly demand the restoration of the deposit.   By the payment into the office of the county clerk, plaintiff's lien on the property was extinguished; and the papers show that he has no other resource for the satisfaction of his claim except the fund to which his lien is transferred.   The withdrawal of the money by the defendants was the consequence of their judgment; and that judgment being vacated, they have no authority to retain the money.   On the other hand, the action being reinstated, the plaintiff has a right to a return of the security which he lost only by a default, from all the effects of which he is exonerated.

The single point urged by appellants against the order is that it "is unauthorized without a trial and judgment of ownership."   The argument would be valid and convincing if the order required payment to the plaintiff; but since its only effect is to return the deposit into the clerk's office, to abide the event of the litigation, no question of ownership arises, or is determined by the order.   Defendants' property in the fund cannot be affected except by a judgment for the plaintiff; and before that is attained they will have ample

opportunity to protect their rights.    To suffer defendants to retain the money would be to adjudicate the right without a trial.    Present discussion of the proper procedure to enforce the order of restitution is premature.

Order affirmed, with costs.    All concur.