(3 Misc. Rep. 101.)

### CUNNINGHAM v. HATCH et al.

(Common Pleas of New York City and County, General Term.   March 16, 1893.)

CONTEMPT OF COURT—ORDER TO PAY MONEY.

Disobedience of an order of the special term requiring defendant in a mechanic's lien suit to restore to the custody of the county clerk money theretofore deposited to secure plaintiff's claim, and withdrawn by defendant, is punishable as for contempt under Code Civil Proc. § 14, providing that a court of record has power to punish by fine or imprisonment a party to an action for the nonpayment of money ordered to be paid in a case where by law no execution can issue for its collection, "or for any other disobedience of a lawful mandate of the court" impairing a party's remedy in a civil action.

Appeal from special term.

Action by James Cunningham against Elias T. Hatch, Annie L. Hatch, and others to foreclose a mechanic's lien. A motion to punish defendant Annie L. Hatch for contempt for refusing to return certain moneys to the custody of the county clerk was denied, and plaintiff appeals. Reversed.

On the 1st day of April, 1889, a mechanic's lien was filed by the plaintiff against the property of the defendants. On the 15th day of July, 1889, the lien was discharged by deposit with the county clerk. On or about March 12, 1890, the plaintiff commenced an action to foreclose the lien. On the 4th of June, 1890, while the case was on the equity calendar of this court, a default was taken, and the amount deposited with the county clerk was withdrawn. On the 16th day of July an application was made to open said default, and vacate the judgment entered thereon, which was granted, and the defendants were ordered to restore the deposit to the custody of the county clerk. The deposit was made by Annie L. Hatch, and she received the same when withdrawn. On the 6th of November, 1890, Annie L. Hatch was personally served with a certified copy of the order opening the default, and requiring the money withdrawn to be restored, together with a notice that she forthwith return to the custody of the county clerk the sum of money withdrawn. The case has since been tried before Judge Bookstaver, who on the 17th February, 1891, handed down a decision holding that the plaintiff had a lien against the property described in the complaint, that it had been superseded by the deposit with the county clerk, and that the said lien was transferred to and existed against the sum of money in the custody of the county clerk. The defendants are insolvent, and an ordinary judgment against them would be uncollectible. Thereafter an application was made at special term, Judge Bischoff presiding, to punish the defendant Annie L. Hatch for contempt, which was denied solely for want of power, and an order to that effect was entered on the 29th December, 1892, which is the order appealed from.

Argued before PRYOR and GIEGERICH, JJ.

Palmer, Boothby & Warren, (A. C. Palmer, of counsel,) for appellant.

Royal S. Crane and George S. Wilkes, for respondents.

GIEGERICH, J. The only question presented by this appeal is whether the defendants can be punished for a contempt by reason of their disobedience of the order requiring them to return the deposit to the county clerk, which was affirmed on appeal. Cunningham v. Hatch, (Com. Pl. N. Y.) 18 N. Y. Supp. 458. The learned judge who presided at the special term, where the order appealed from was made, assumed that the practice governing the restitution of moneys obtained by means of a judgment or order, which is subsequently reversed or set aside, applied to the deposit in question; and he accordingly held that the latter was but money due upon an implied contract, and that, under the provisions of section 16 of the Code of Civil Procedure, restitution thereof could not be compelled by proceedings to punish as for a contempt. The case of Forstman v. Schulting, 42 Hun, 643, is cited in support of this ruling. In that case an attorney received moneys under an erroneous order, which was subsequently reversed. He several times promised to repay them, but failed to do so. On a motion made to punish him for contempt, the court held that, where money has been received under an erroneous decision, the party receiving it is equitably bound to refund it, and the law will imply a promise on his part to pay it over, as it will ordinarily in cases where one person receives money belonging to or for the use of another, and that the remedy for the case was the issuance of an execution pursuant to section 779 of the Code of Civil Procedure. The case of O'Gara v. Kearney, 77 N. Y. 426, is also relied upon by the respondents to sustain the order appealed from. In that case the order was dismissed, with costs, which were voluntarily paid by the attorney. The judgment was afterwards set aside, and the defendant was directed to pay the costs to the plaintiff, and in default of payment he was adjudged guilty of a contempt. On appeal this was held to be unauthorized and void, and it was further held that the case came clearly under the provisions of section 1240 of the Code of Civil Procedure, which relates to the enforcement of a judgment by execution, and not under section 1241, which prescribes in what cases a judgment may be enforced by punishment for disobeying it; because the judgment directed payment of money to the party, and not to the court, or an officer of the court. These cases are distinguishable from the one before us. There the payment of money was directed after the rights of the parties had been finally adjudicated, while in the case at bar the defendants were required to return the deposit to the county clerk, to await the determination of the rights of the parties to the action. There is a wide distinction between an order requiring the payment of money to a party, and the return of a deposit to the officer who is the legal custodian thereof, which is recognized by section 1241 of the Code of Civil Procedure. The rule that the law implies a promise to repay moneys paid upon a judgment or order which has been reversed or set aside is founded on justice and reason. It does not obtain, however, until the judgment or order has been reversed. Haebler v. Myers, 132 N. Y. 363, 30 N. E. Rep. 963. Applying these rules to this case, it is clear that a promise, either express or implied, cannot be inferred, for the reason that the return of the deposit was required before the rights of the parties interested therein had been deter-

mined, and which are still awaiting final determination. Now, it is not even pretended by the respondents that the order directing a return of the deposit can be enforced by execution against the property of the defendants. As it cannot, what remedy has the appellant for the enforcement of the order in question? If the contention of the respondents prevail, then the appellant has absolutely none until the entry of final judgment in the action; in other words, all proceedings for the enforcement of the order are suspended until then. Thus dishonest litigants would not only be tempted to appropriate a "deposit" to their own use, but would be encouraged in their refusal to obey an order made for the return thereof. It would be manifestly unjust to those entitled to the fund to determine that, until a final judgment has been entered herein, the court is powerless to prevent the defendants from converting to their own use the deposit in question, the withdrawal of which the learned judge found may defeat, impair, impede, or prejudice the right or remedy of the plaintiff in this action; and it would indeed be a reproach to the law if it were not in the power of the court to return the deposit to the custody of the proper officer. Fortunately for the honor of our system of jurisprudence, the law affords ample remedy. Chief Judge Ruger, in delivering the opinion of the court in Forstman v. Schulting, 108 N. Y. 110, 15 N. E. Rep. 367, well says: "Both parties and attorneys, who, through the aid of the court, have come into possession of property or money during a litigation which subsequent proceedings in the action show was either wrongfully acquired or wrongfully retained, may be compelled to restore it to the rightful owner by order and attachment to enforce such restoration." Section 14 of the Code of Civil Procedure prescribes: "A court of record has power to punish by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding pending in the court may be defeated, impaired, impeded, or prejudiced, in either of the following cases: * * * (3) A party to an action or special proceeding, an attorney, counselor, or other person, for the nonpayment of a sum of money ordered or adjudged by the court to be paid in a case where by law execution cannot be awarded for the collection of such sum, or for any other disobedience to a lawful mandate of the court. * * *" The order for the return of the deposit is a mandate, (Code Civil Proc. § 3343, subd. 2;) and the case at bar comes clearly within the provisions embraced in the last sentence of subdivision 3 of section 14 of the Code.

We have carefully considered the case of Haebler v. Myers, supra, and find nothing therein which in our opinion affects our determination of the question under consideration.

The order should therefore be reversed, with costs.