DANIEL MAHONEY, Respondent, v. JAMES McWALTERS and Others, Appellants; PATRICK E. MATTHEWS, Respondent.

*Fraudulent conveyance — by a mortgage given by an owner to a contractor's wife — rights of sub-contractors — notice of trial by one defendant to his co-defendant — necessary where the former seeks relief against his co-defendant.*

In an action brought to set aside a bond and mortgage executed by the defendant Reddington and his wife to the defendant Mary McWalters, it appeared that Reddington employed the defendant James McWalters to erect a building upon his premises for $6,000, of which he paid $2,000 in cash; that James McWalters agreed to take the bond and mortgage in question for the balance of $4,000 remaining unpaid; that a mortgage was executed for that amount by James McWalters' direction to his wife, Mary McWalters, and that upon its execution James McWalters gave to Reddington a receipt in full. It further appeared that several sub-contractors under McWalters were unpaid, and that the mortgage was prior to any liens which they had filed, or were entitled to file against the property.

*Held,* that the execution of the bond and mortgage was in fraud of the rights of such sub-contractors, and should be set aside.

One of the lienors was the Ulster Blue Stone Company, made a defendant in the action, and it appeared that no party to the action except the plaintiff had served this defendant with a notice of the trial of the action.

*Held,* that none of the defendants were in a position to move to amend the judgment so that it should declare the lien of the Ulster Blue Stone Company to be canceled.

APPEAL by the defendants James McWalters and others from a judgment of the Supreme Court in favor of the plaintiff and certain of the defendants, entered in the office of the clerk of the county of Queens on the 8th day of June, 1895, upon the decision of the court rendered after a trial at the Queens County Special Term; also an appeal by the defendants John C. Orr and others from the said judgment, except so far as the same gives them judgment for $849.72 and interest, and establishes their lien for that sum; also an appeal by the defendant Michael Reddington from an order of the Supreme Court, made at the Dutchess County Special Term and entered in the office of the clerk of the county of Queens on the 3d day of August, 1895, denying a motion made by the defendants McWalters and Reddington to amend such judgment, so as to provide for the dismissal of the claim of the Ulster Blue Stone Company and for the cancellation of its lien upon the premises

affected by this action; and separately from so much of said order as awards costs to the plaintiff.

*Charles L. Pashley*, for the appellants Reddington and McWalters.

*Michael J. Scanlan*, for the appellants Fitzpatrick and McCauley.

*Alfred B. Cruikshank*, for the appellants John C. Orr & Co.

*Robert J. Mahon*, for the plaintiff, respondent.

*A. M. & G. Card*, for the respondent P. E. Mathews.

DYKMAN, J.:

This is an appeal from a judgment entered upon a decision of the court after a trial at the Special Term, setting aside a bond and mortgage executed by the defendant Reddington and wife to the defendant Mary McWalters. The facts are these: The defendant Reddington is the owner of the premises on the corner of Washington and Vernon avenues in Long Island City.

In the spring of 1894 he employed the defendant James McWalters to erect a building on those premises at the agreed price of $6,000. During the progress of the work he paid McWalters $2,000 in cash.

In order to raise the other $4,000 he made application to the firm of John L. Reher & Sons for a loan for that amount to be secured by his bond and mortgage covering the said premises.

That application was rejected, and thereafter McWalters agreed to take a mortgage on the premises for $4,000 in satisfaction of the balance due him on the contract. By McWalters' direction this mortgage was executed to his wife, Mary McWalters, on the 26th day of September, 1894, and a receipt in full was given to Reddington by McWalters.

The plaintiff is a sub-contractor who did the plastering on the building under the contract with McWalters, and claims the sum of $521 to be still due him for his work. The defendant Mathews is a sub-contractor and has filed a lien for $252.42 against the premises. The defendants John C. Orr & Co. had furnished McWalters with material which he used in the erection of this building, amounting to $849.72.

The mortgage of Reddington was given and received in payment of the balance remaining unpaid upon the contract for building his house, and the insertion of the name of Mary McWalters was by the direction of James McWalters, the creditor, and he thereupon satisfied his claim.

That transaction would have been valid as between the parties if the rights of creditors had not intervened, but it operated as a fraud upon other creditors, and as to them it was void. It put $4,000 of the property of Reddington beyond the reach of his creditors, and it placed the mortgage beyond the reach of the creditors of McWalters, of whom the plaintiff is one.

McWalters had built a house for Reddington at a cost of $6,000; the plaintiff did the plastering, and Mathews and Orr & Co. furnished materials for the house. They were all creditors of McWalters and were also entitled to acquire liens upon the property, and the postponement of them and their subordination to the mortgage was a fraud upon their rights, and the wrong was aggravated by placing the mortgage itself beyond their reach. Under such circumstances the mortgage was inequitable and could not be permitted to stand in the way of the creditors. Its destruction let in the liens in their regular order and justice was wrought out.

There is also an appeal from an order denying a motion to amend the judgment entered in the action so as to provide for the cancellation of the lien of the Ulster Blue Stone Company, one of the defendants in the action. Neither the appellant nor any party to the action except the plaintiff served notice of trial upon the stone company.

He was not, therefore, in a position to make any move against that company upon the trial. The plaintiff made none and asks nothing now except to have the judgment stand as entered. There is no authority for the cancellation of a lien in this way, and the motion was properly denied.

The judgment must be affirmed, with costs, and the order must be affirmed, with ten dollars costs and disbursements.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs; order affirmed, with ten dollars costs and disbursements.