(21 Misc. Rep. 91.)

BANNON v. LEVY et al.

(Supreme Court, Appellate Term. July 29, 1897.)

DEPOSIT IN COURT.
    When a judgment, taken by default, is opened on condition of the defendant's depositing a sum of money in court, as security, and afterwards, upon a dismissal of the complaint, the defendant withdraws the deposit, an appellate court, upon reversing the judgment of dismissal, may properly order the deposit to be restored; and, if the defendant fails to restore it, the original judgment against him may be reinstated without further proceedings.

Action by John F. Bannon against Solomon Levy and others. Motion by defendants to resettle order. Denied.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

M. H. Gotlieb, for the motion.

Fromme Bros., opposed.

PER CURIAM. A judgment taken by default against the defendants was, on their application, opened as matter of favor, so far as to permit them to come in and defend, upon condition that they deposit into court the amount of the claim and costs, as security for any judgment that might be recovered after a trial on the merits. The defendants complied with the condition to the extent of making the necessary deposit, and thereby secured a trial, which resulted in a dismissal of plaintiff's complaint. The defendants thereupon withdrew their deposit, and the plaintiff appealed from the judgment, which was afterwards reversed, and a new trial directed. The order for the new trial directed the defendants to restore the security money so withdrawn, that the parties might be reinstated to the position they occupied when the trial was had. The defendants now move to resettle the order, by eliminating the provision as to the deposit money.

The direction was not improper. It merely recognized the fact that, by the order permitting a defense, the defendants were to have a trial only on condition that the deposit was made, which implies that it was to be kept good, and this would have been the

effect of the order of reversal if the special provision had been left out. "The reversal of a judgment by any competent authority restores the parties litigant to the same condition in which they were prior to its rendition. The reversed judgment becomes mere waste paper, and the parties to it are allowed to proceed in the court below * * * in the same manner, and to the same extent, as if their cause had never been heard or decided by any court." Freem. Judgm. (3d Ed.) § 481. It would seem to follow, therefore, that, if the defendants neglect to restore the deposit, they fail to observe the spirit and purpose of the order under which they seek to defend, and thereby lose the benefit of that order. They cannot claim a benefit under it if they refuse obedience to its conditions. In Mitchell v. Menkle, 1 Hilt. 142, the court held that where a judgment by default was opened, and the cause set down for trial, on conditions which were not complied with, the plaintiff was not bound to prove his cause of action anew, but might, on proof of noncompliance, take an order vacating the one opening the default, and permitting the original judgment to stand. We think this is the practice that ought to be followed if the deposit is not kept good by restitution. See, also, Cunningham v. Hatch (Com. Pl.) 22 N. Y. Supp. 701.

The motion to resettle the order will therefore be denied, without costs.