VON DEN DRIESCH v. ROHRIG et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

PARTIES—BOND TO DISCHARGE MECHANIC'S LIEN.

   The owner of the property is a necessary party to an action on a bond to discharge a mechanic's lien, conditioned, if such owner shall pay any judgment in favor of plaintiff in an action to enforce the lien, the obligation shall be void; the sureties being entitled to have it adjudged against the owner what the amount of the lien, if any, is.

Appeal from special term, New York county.

Action by Albert Von Den Driesch against Annie Rohrig and Ferdinand Holm and others. From an order denying motion of said Rohrig and Holm to strike the cause from the calendar, they appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

Leslie R. Palmer, for appellants.
Simon Sultan, for respondent.

PATTERSON, J. The defendants Annie Rohrig and Holm are sureties upon a bond given upon the discharge under the statute of a mechanic's lien filed by the plaintiff against certain real property in the city of New York of which William F. Rohrig was the owner. This action is by the lienor to enforce the bond. The owner, the sureties, and a subcontractor are parties defendant. The owner was not served with the summons, and has not appeared. The sureties and the subcontractor were served, and they have answered the complaint. The plaintiff filed a note of issue and the cause was put by him on the special term calendar, and notice of trial was served by him on the answering defendants. Thereupon the sureties moved the court to strike the cause from the calendar on the ground the note of issue was prematurely filed, and that they should not be compelled to go to trial in the absence of the owner from the suit, or at least until service of process was made upon him, and he became in default. The motion was denied, and the sureties appeal.

The liability of these sureties is strictissimi juris. The condition of their bond is that if Rohrig, his heirs, etc., shall well and truly pay any and all judgments which may be rendered against the property in favor of the plaintiff in any action or proceeding to enforce the lien the obligation shall be void, etc. It was formerly a question whether the recovery of a judgment establishing a right to a lien, and its extent and amount, was not a condition precedent to a right of action on the bond against the sureties; but it was settled in Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3, that the establishment of the lien and the enforcement of the liability of the sureties may be in one suit in equity against all parties in interest. The undertaking of the surety it is there said, is "to pay the amount due which it should be adjudged is owing to the plaintiff chargeable against the property by issue of the notice of lien," and that by the statute "it was evidently intended that the bond should take the place of the property, and become the subject of the lien," and that "the action is in equity, brought under the statute, in which all of the persons interested, including the sureties on the bond, are made parties," and the relief against them is for the amount that may be determined to be payable upon the lien. To such an action the owner is a necessary party. The sureties are entitled to have it adjudged as against him what the amount of the lien, if anything, is. Here it is asserted by the plaintiff that the owner cannot be served with the summons, because he is out of the jurisdiction, but service may be made by publication, under subdivision 5 of section 438 of the Code of Civil Procedure.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.