(108 App. Div. 316.)

## HINKLE et al. v. SULLIVAN et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. MECHANICS' LIENS—ENFORCEMENT—CONTROVERSY BETWEEN DEFENDANTS—
   DISMISSING COMPLAINT.
   Code Civ. Proc. §§ 3401, 3402, in relation to mechanics' liens, provide that plaintiff must make all having liens defendants, and that, if several actions are brought by different lienors, the court in which the first is brought may, upon its own motion, consolidate them; and by section 3403 on the trial of such an action the court may adjust the equities of all the parties. Section 521 provides that, in any action where the judgment may determine the ultimate rights of two or more defendants as between themselves, answers may be served on the codefendants and the controversy thus raised determined. *Held*, that where, in an action to foreclose a mechanic's lien, another lienor served an answer upon his codefendants, but, no notice of trial having been given him, the other defendants obtained a dismissal of the complaint, it was proper to grant the defendant lienor's motion to vacate the dismissal and to restore the action, that he might try the issues between himself and his codefendants.

2. SAME—DISMISSAL—VACATING ORDER.
   Where a defendant lienor in a mechanic's lien suit, who had answered and had a right to try out the issues between himself and his codefendants, was not served with notice of trial and had no knowledge of a dismissal of the complaint, though a clerk from the office of his attorneys was in court and made no objection, and the dismissal forfeited such defendant's right to prosecute his claim, the court had the right to relieve him from the mistake made by vacating the dismissal as to him.

Appeal from Special Term, New York County.

Action by Eugene E. Hinkle and another against Timothy D. Sullivan and others. From an order granting a motion of defendant Sigmund Adler to vacate the dismissal of the complaint, and from a judgment thereon, the other defendants appeal. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles L. Hoffman, for appellants.
Edward N. Bloomberg, for respondent.

McLAUGHLIN, J. This action was brought to foreclose a mechanic's lien on premises owned by the defendants Sullivan and Kraus. The respondent, Adler, who also had a lien, was made a party defendant, and he served upon his codefendants Sullivan and Kraus an answer setting forth his lien and his claims thereunder. Notices of trial were served both by the plaintiffs and defendants Sullivan and Kraus, but neither served any notice therefor on the defendant Adler. The cause was placed upon the calendar, and when it came to be finally reached, the plaintiffs' lien having been satisfied, the defendants Sullivan and Kraus moved to dismiss the complaint, which motion was granted and judgment entered to that effect. Thereupon Adler moved to vacate such dismissal as to himself and to restore the action, so that he might try the issues existing between himself and his codefendants Sullivan and Kraus.

His motion was granted, and I think properly. The provisions of the Code relating to the enforcement of mechanics' liens on real prop-

erty provide that the plaintiff must take all other persons having liens upon the same property party defendants, and, if several actions are brought by different lienors, the court in which the first action is brought may, upon its own motion or upon the application of any party, consolidate all such actions into one. Sections 3401, 3402, Code Civ. Proc. On the trial of such an action the court may adjust and determine the equities of all the parties and determine the issues raised by any defense or counterclaim in the action. Section 3403, Code Civ. Proc. One lienor, having brought an action to foreclose his lien against the owner and contractor, must necessarily make party defendants all other lienors, and the court is required to determine the rights of all with respect to amounts and priority of liens. Necessarily the lienors made defendants, as well as the lienors who bring the action, look to the property to satisfy their liens, and whatever controversy there may be as to the amount of liens is directed against the defendant owners. Section 521 of the Code of Civil Procedure provides that, in any action where the judgment may determine the ultimate rights of two or more conflicting defendants as between themselves, answers may be served upon the codefendants and the controversy thus raised determined, but that such controversy shall not delay judgment to which the plaintiff is entitled. This provision was evidently designed to prevent multiplicity of actions. This being so with respect to ordinary actions in which conflicting rights of defendants can be determined, it is particularly applicable to actions for the enforcement of mechanics' liens, where such rights must be determined. The defendant Adler, having served his answer setting up his demand upon his codefendants Sullivan and Kraus, was entitled to have the issues thus raised determined. No notice of trial having been served upon him, either by the plaintiffs or his codefendants Sullivan and Kraus, the latter were not in a position to dismiss the action and thereby prevent him from having his rights determined. Edwards v. Woodruff, 90 N. Y. 396; Ostrander v. Hart, 130 N. Y. 406, 29 N. E. 744; Mahoney v. McWalters, 91 Hun, 247, 36 N. Y. Supp. 149.

But it is said that Adler waived his rights in this regard, because a clerk from the office of his attorneys was in court when the order of dismissal was taken and made no objection. The affidavit of the clerk frankly states that he misapprehended the situation, and thought, because the client of his office was a defendant, it was desirable the complaint be dismissed. Such act did not satisfy Adler's claim against his codefendants, and, even if it could be said that it forfeited his right to prosecute such claim, the court at Special Term had the right to relieve him from the mistake made; and, having done so, the discretion exercised by it, under the facts presented, ought not to be interfered with.

The order should be affirmed, with $10 costs and disbursements. All concur.