ZUCCHI MFG. CO. v. HERBERT.

(Supreme Court, Appellate Term.    March 13, 1911.)

ACCOUNT STATED (§ 19*)—ASSENT OF PARTIES—EVIDENCE—BURDEN OF PROOF.
In an action on an account stated, *held*, that plaintiff failed to sustain
the burden of proof showing the defendant's assent thereto.
[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 91–93;
Dec. Dig. § 19.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Zucchi Manufacturing Company against Frederick
W. Herbert.  Judgment for plaintiff, and defendant appeals.  Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

James S. McDonogh, for appellant.
Campbell & Freeman, for respondent.

BIJUR, J.  Defendant was a decorator and dealer in furniture.
Plaintiff's three witnesses, all officers of the company, testified that
an account was stated by the acquiescence of the defendant at a conversation at which all four were present, and at which the account
was presented.  Defendant denies the acquiescence, claiming that the
difference between the parties arose in respect to a cabinet which he
had ordered for a customer to be delivered in 8 weeks to cost $160,
and which was not ready until the expiration of 19 weeks, whereupon the customer declined to accept it.  Plaintiff retained the cabinet,
and on the day of the trial still had it.  The testimony of plaintiff's
witnesses is unsatisfactory, and they contradict one another.  Two
of them at least admit that defendant disputed the account, particularly as to the item mentioned, but they claim that he finally agreed
to pay it.  Their testimony even in that regard, however, has too much
the appearance of studied agreement to be entitled to much weight.

It seems that there were at least two accounts and possibly three
in writing before the parties at the interview in question.  Each
seemed to differ from the other, and the defendant claims that all
were incorrect.  That there were at least two different ones is conceded by plaintiff.  Under such circumstances, it would hardly seem
that plaintiff had sustained the burden of proof.

Judgment should be reversed, and a new trial ordered, with costs
to appellant to abide the event.  All concur.

---

HILL v. FLATBUSH CONSUMERS' ICE CO. et al.

(Supreme Court, Appellate Division, Second Department.    March 3, 1911.)

1. MECHANICS' LIENS (§ 271*)—FORECLOSURE—COMPLAINT—DESCRIPTION OF
PROPERTY.
The mechanic's lien law (Consol. Laws, c. 33, art. 2) contemplates that
each defendant who is made a party must plead the facts showing his
right to a lien on the premises, so that an error of plaintiff in stating

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the description of the property did not deprive the court of jurisdiction to foreclose the subsequent liens properly pleaded and supported by evidence.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 271.*]

2. MECHANICS' LIENS (§ 277*)—RIGHTS OF LIENORS—ISSUES.

Where several junior lienors are made parties to a suit to foreclose a mechanic's lien, each lien must depend on its own facts; and hence each lienor is entitled to have his case determined on the facts he has well pleaded and proved.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 277.*]

3. MECHANICS' LIENS (§ 298*)—FORECLOSURE SALE—RIGHTS OF PURCHASER—EFFECT OF APPEAL.

Where an action to foreclose certain mechanics' liens was prosecuted to judgment, and the premises were sold without any effort on the part of the defendants to prevent a sale, the fact that one of the defendants appealed from the judgment did not affect the rights of the purchaser.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 298.*]

Appeal from Special Term, Kings County.

Action by Thomas A. Hill, etc., against the Flatbush Consumers' Ice Company and others. From an order denying the motion of Henry J. De Boer to relieve him from his bid for certain property purchased on foreclosure of a mechanic's lien, he appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

B. F. Norris, for appellant.

J. Power Donellan, for respondent Edward J. McCabe Co.

WOODWARD, J. This action was brought to foreclose a mechanic's lien upon the property of the Flatbush Consumers' Ice Company; the remaining defendants being persons having liens and mortgages upon the property. The plaintiff in filing the lis pendens required by the statute, and in his complaint, failed to properly describe the premises, but all of the defendants who were made parties, and who put in answers, described the premises properly in all of their papers. The plaintiff's complaint was dismissed, on the ground that he had failed to prove the necessary facts, and the action proceeded to judgment as between the several lienors, including Henry J. De Boer, who held a mortgage upon the premises. Subsequently the property was sold under the judgment; Henry J. De Boer, the mortgagee, becoming the purchaser. He now seeks to be relieved from his purchase upon the theory that the plaintiff's complaint failed to cover the premises described in his own answer, and that of the other defendants, and that there is therefore a defect in the title offered. He also urges that, as one of the defendants has appealed from the judgment, there is uncertainty as to the result of such an appeal.

We think the mechanic's lien law (Consol. Laws, c. 33, art. 2) contemplates that each defendant who is made a party must set up the facts showing his right to a lien upon the premises, and that the mere fact that the plaintiff makes an error in pleading does not rob the court of jurisdiction to foreclose the subsequent liens which are

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

properly pleaded and supported by evidence. Each lien must depend upon its own separate facts, and, no matter who puts the machinery in motion, each lienor has a right to have his case determined upon the facts which he has well pleaded and sustained, but by reason of the facts set up in the pleadings of those who are made nominal defendants, but who are, as against the debtors, real plaintiffs. Hinkle v. Sullivan, 108 App. Div. 316, 95 N. Y. Supp. 788. In this case all of the defendants who appeared in the action pleaded and sustained their liens, and the court had as complete jurisdiction of the entire premises as it would have had if the defendant Edward J. McCabe Company had appeared as plaintiff under the same allegation of facts. The court having jurisdiction, it was called upon to adjust the equities as between those who were parties to the action. The case having gone to judgment, and the premises having been sold without any effort on the part of the defendant to prevent the sale, the mere fact that some one of the defendants has appealed from the judgment does not affect the rights of the appellant as the purchaser of the premises at a judicial sale. Whatever may be the result of the appeal, the sale was made in conformity to law, and the learned court at Special Term very properly refused to grant the relief demanded.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

BURR, J., concurs in result.