REEDY ELEVATOR COMPANY, Respondent, *v.* THE MONOK
COMPANY and FELBER ENGINEERING WORKS, Defendants,
Impleaded with ANNA C. FARRELL, Appellant.

Second Department, November 14, 1919.

**Judgment — mechanic's lien — case sent back for adjustment of
other liens — prior judgment sustaining lien res adjudicata.**

Where the court on an appeal from a judgment sustaining a mechanic's
lien sent the cause back for the adjustment of equities of other lienors,
it did not reopen the question as to the amount and merits of the plain-
tiff's lien, which had been determined.

APPEAL by the defendant, Anna C. Farrell, from a judgment
of the Supreme Court in favor of the plaintiff, entered in
the office of the clerk of the county of Kings on the 8th day of
May, 1919, upon the decision of the court after a trial at the
Kings County Special Term sustaining plaintiff's mechanic's
lien for $250 with interest and costs, and awarding a personal
judgment against the appellant.

*George F. Alexander*, for the appellant.

*Harry Lesser*, for the respondent.

PER CURIAM:

After our reversal of the prior judgment the cause went
back to adjust the equities (171 App. Div. 653). The opinion
explained as the reason that " other liens may be involved."
The Special Term was to adjust the equities under section 45
of the Lien Law. Such other lien was that of the Felber
Engineering Works, which by its answer had made itself a
necessary party (Lien Law, § 44) to any judgment in this
action. The Felber Engineering Works had not appeared on
that trial, but the record showed no proof of service of a notice
of trial upon its attorney, so as to constitute it in legal default.
(*Hinkle* v. *Sullivan*, 108 App. Div. 316.) Of course, the
silence of that lienor for over four years now may raise an
inference that its lien has been satisfied or waived.

Such direction to adjust the equities in our former decision

did not reopen the amount and merits of plaintiff's lien, which had been already determined.

The judgment appealed from is, therefore, affirmed, with costs.

Present — JENKS, P. J., MILLS, RICH, PUTNAM and JAY-COX, JJ.

Judgment unanimously affirmed, with costs.