ATLANTIC TERRA COTTA COMPANY, Plaintiff, *v.* RUBENFIELD CONSTRUCTION CORPORATION and Others, Defendants.

Supreme Court, Kings County, January 5, 1926.

Liens — mechanic's lien — action to foreclose mechanic's lien — defendants served answers upon surety company, bonding lienors, but did not serve owner — owner must be served under Civil Practice Act, § 264, where lien is not admitted — failure to serve answer amounts to waiver of lien under Lien Law, § 44 — Lien Law, § 17, does not dispense with necessity of serving answer on owner as well as surety.

A lienor having a mechanic's lien cannot recover against a surety upon an undertaking given by said surety to discharge the lien unless the owner has been or is sued.

Accordingly, defendants, two of several lienors to whom the defendant surety company had given an undertaking, conditioned upon the payment of any judgment that the lienors might obtain against the property on which a mechanic's lien had been filed, said lien not being admitted in the complaint in the action to foreclose, cannot recover against the surety company, since they failed to serve their answers upon the property owner as required by section 264 of

the Civil Practice Act. Furthermore, their failure to serve said answers constitutes a waiver of their liens under section 44 of the Lien Law.

Section 17 of the Lien Law does not dispense with the necessity of the service of an answer on the owner as well as on the surety.

ACTION to foreclose a mechanic's lien.

*McLeer & Dobson*, for the defendant Young.

*Oscar A. Lewis*, for the defendant Creamer.

*Abraham H. Spigelgass*, for the defendant Eagle Indemnity Company.

CROPSEY, J.   In this action to foreclose a mechanic's lien, the only question is whether defendants Young and Creamer are entitled to recover. They are lienors, and their liens, with others, were bonded, the defendant Eagle Indemnity Company being the surety. The surety contests the right of those two defendants to recover, because, although their answers were served upon the surety, they were not served upon the owner against whom those defendants had their claims.

The undertaking given to discharge the liens was conditioned to pay any judgment that the lienors might obtain against the property. The sureties upon such an undertaking are not liable unless the lien was valid and enforcible. (*Vitelli* v. *May*, 120 App. Div. 448, 449.) The lienor's claim against the owner and his right to a lien must be determined, otherwise the surety cannot be held. Judgment may first be obtained by the lienor against the owner (*Harley* v. *Plant*, 210 N. Y. 405; *Ringle* v. *Matthiessen*, 10 App. Div. 274; affd., 158 N. Y. 740), but it is not necessary to do so, as the owner and surety may both be sued in the one action. (*Morton* v. *Tucker*, 145 N. Y. 244.) A lienor cannot recover against the surety unless the owner has been or is sued as just stated. (*Maneely* v. *City of New York*, 119 App. Div. 376, 386, 390.) Where the owner is joined with the surety, he must be served. (*Von Den Driesch* v. *Rohrig*, 45 App. Div. 526; *Spitz* v. *Brooks & Son, Inc.*, 210 id. 438, 440.) In such an action the same parties are necessary as defendants as in an action to foreclose the lien where no bond has been given. (*Scherrer* v. *Music Hall Co.*, 18 N. Y. Supp. 458; *Maneely* v. *City of New York*, 119 App. Div. 376, 393.)

The foregoing indicates plainly what these defendants, lienors, would have to do if they were seeking to enforce their liens as plaintiffs. Here they are defendants, but seeking to enforce their liens. Undoubtedly that may be done. The sole question is as to how they must proceed.

The general rule prescribing the procedure when one defendant

makes a claim against another defendant is set forth in section 264 of the Civil Practice Act. That requires the defendant who makes the claim to demand it in his answer and to serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination and also upon defendants who would be affected and have not appeared. As the defendant lienors cannot recover against the surety without suing the owner, the above provision would seem to require them to serve their answers upon the owner if they seek to enforce their claims against the surety unless there is some provision of the Lien Law that makes this unnecessary.

The lienors contend that a portion of section 17 of the Lien Law (as amd. by Laws of 1916, chap. 507) dispenses with the necessity of the service of their answers upon the owner. That section is headed: " Duration of Lien." It provides that no lien specified in that article should be a lien for more than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien, and a notice of the pendency of the action is filed, or unless an order has been made continuing the lien. It further provides that if a lienor is made a party defendant in an action to enforce another lien, and the plaintiff or such defendant has filed a notice of the pendency of the action within the time prescribed, the lien of such defendant is thereby continued, and that " Such action shall be deemed an action to enforce the lien of such defendant lienor." It is the sentence just quoted upon which these lienors rely. That sentence, however, seems plainly to relate merely to the time of commencing the action and the necessity for filing a notice of pendency. It does not indicate that all the general provisions of law applicable where a claim is made by one defendant upon another are not to be observed. And other provisions of the Lien Law make this still more clear. Section 44 deals with parties to an action in a court of record; and among others stated to be necessary parties defendants are persons appearing by the records to be owners of the property or any part thereof. And immediately following is this provision: " Every defendant who is a lienor shall, by answer in the action, set forth his lien, or he will be deemed to have waived the same, unless the lien is admitted in the complaint, and not contested by another defendant." And by section 45 the court is required to adjust and determine the equities of all the parties and the order of priority of different liens, " and determine all issues raised by any defense or counterclaim in the action." There seems to be nothing in the Lien Law that makes the general provision of section 264 of the Civil Practice

Act not applicable, except in the one case specified in section 44, where a defendant's lien " is admitted in the complaint and not contested by another defendant." With that exception it has been held that the forerunner of section 264 (Code Civ. Proc. § 521) was " particularly applicable to actions for the enforcement of mechanics' liens." (*Hinkle* v. *Sullivan,* 108 App. Div. 316, 317, 318.) The Appellate Division in the First Department has said that the answer must be served upon the party primarily liable, though that statement was *obiter.* (*Maneely* v. *City of New York,* 119 App. Div. 376, 391.)

If the lien of a defendant be admitted in a complaint and not contested by any defendant, then it is unnecessary for the defendant having the lien to set it forth in his answer and he will not be deemed to have waived it even though he fails to do so, but may have judgment. This is the provision of section 44 of the Lien Law; and under this it has been held that where a lien is admitted in the complaint, if any defendant seeks to contest it, he must serve his answer upon the defendant owning the lien in question. (*Kelley Lumber Company* v. *Otselic Valley Railroad Co.,* 136 App. Div. 146, 149.) This case plainly emphasizes the need of a defendant lienor, whose lien is not admitted in the complaint, to set it forth in his answer and to serve a copy of his answer upon all parties affected by his claim.

The case of *Wilson* v. *Niagara City Land Co.* (79 Hun, 162) is claimed to hold to the contrary. It is not clear from the opinion whether the complaint admitted the validity of the defendant's lien, but in any event the statement of the court on the point was merely dictum. Neither of the defendant lienors claims that he could recover in this action without having served his answer upon the surety, and yet such a service would seem to be unnecessary if it is not necessary to serve the owner. The complaint does not admit the liens of these defendants. It merely asserts that they " have or claim to have mechanics' liens against said premises which said liens, if any, are subsequent and subordinate to the liens of the plaintiff." For the defendant lienors to succeed it was, therefore, necessary for them to set forth their liens in their answers and then to serve their answers upon the owner and the surety. Not having done this, they are deemed to have waived their liens and there must be judgment accordingly.

The findings of the plaintiff and of defendants, and also the judgment should be settled upon notice.